DALY, LAMASTRA & CUNNINGHAM
202 Hall's Mill Road
PO Box 1675
Whitehouse Station, NJ 08889-1675
(908) 572-3600
Attorneys for Defendants
   Monmouth Ocean Hospital Service Corp.,
   d/b/a MONOC, Stacy Quagliana and
   Vincent Robbins

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - NEWARK**

| | |
|---|---|
| DEBORAH EHLING,<br><br>   Plaintiff,<br><br>           v.<br><br>MONMOUTH-OCEAN HOSPITAL SERVICE CORP, d/b/a MONOC, VINCENT ROBBINS, individually, and STACY QUAGLIANA, individually,<br><br>   Defendants. | CIVIL ACTION NO. 2:11-cv-03305-WJM -MF<br><br>***ANSWER TO COMPLAINT AND DESIGNATION OF TRIAL COUNSEL*** |

      Defendants, Monmouth Ocean Hospital Service Corp., d/b/a MONOC, Stacy Quagliana and Vincent Robbins by way of Answer to Complaint, say:

***ANSWER TO FACTUAL ALLEGATIONS COUNT***

      1.    Defendants admit the allegations contained in Paragraph 1 of the Factual Allegations Count.

      2.    These defendants deny the allegations contained in Paragraph 2 of the Factual Allegations Count.

      3.    These defendants deny the allegations contained in Paragraph 3 of the Factual Allegations Count.

4. These defendants deny the allegations contained in Paragraph 4 of the Factual Allegations Count.

5. These defendants deny the allegations contained in Paragraph 5 of the Factual Allegations Count.

6. The allegations set forth in Paragraph 6 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

7. Defendants admit the allegations contained in Paragraph 7 of the Factual Allegations Count.

8. The allegations set forth in Paragraph 8 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

9. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Factual Allegations Count.

10. These defendants deny the allegations contained in Paragraph 10 of the Factual Allegations Count.

11. The allegations set forth in Paragraph 11 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

12. The allegations set forth in Paragraph 12 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

13. Defendants admit the allegations contained in Paragraph 13 of the Factual Allegations Count.

14. These defendants deny the allegations contained in Paragraph 14 of the Factual Allegations Count.

15. Defendants admit the allegations contained in Paragraph 15 of the Factual Allegations Count.

16. These defendants deny the allegations contained in Paragraph 16 of the Factual Allegations Count.

17. The allegations set forth in Paragraph 17 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

18. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Factual Allegations Count.

19. Defendants admit the allegations contained in Paragraph 19 of the Factual Allegations Count.

20. These defendants deny the allegations contained in Paragraph 20 of the Factual Allegations Count.

21. These defendants deny the allegations contained in Paragraph 21 of the Factual Allegations Count.

22. These defendants deny the allegations contained in Paragraph 22 of the Factual Allegations Count.

23. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Factual Allegations Count.

24. These defendants deny the allegations contained in Paragraph 24 of the Factual Allegations Count.

25. The allegations set forth in Paragraph 25 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

26. The allegations set forth in Paragraph 26 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

27. These defendants deny the allegations contained in Paragraph 27 of the Factual Allegations Count.

28. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Factual Allegations Count.

29. The allegations set forth in Paragraph 29 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

30. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Factual Allegations Count.

31. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Factual Allegations Count.

32. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Factual Allegations Count.

33. The allegations set forth in Paragraph 33 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

34. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Factual Allegations Count.

35. These defendants deny the allegations contained in Paragraph 35 of the Factual Allegations Count.

36. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Factual Allegations Count.

37. The allegations set forth in Paragraph 37 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

38. These defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Factual Allegations Count.

39. These defendants deny the allegations contained in Paragraph 39 of the Factual Allegations Count.

40. These defendants deny the allegations contained in Paragraph 40 of the Factual Allegations Count.

41. These defendants deny the allegations contained in Paragraph 41 of the Factual Allegations Count.

42. The allegations set forth in Paragraph 42 of the Factual Allegations Count do not relate to these defendants and said defendants make no answer hereto. If any of the allegations are deemed to relate to these defendants, said allegations are denied.

## ANSWER TO FIRST COUNT

43. These defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

44. These defendants deny the allegations contained in Paragraph 44 of the First Count.

45. These defendants deny the allegations contained in Paragraph 45 of the First Count.

46. These defendants deny the allegations contained in Paragraph 46 of the First Count.

## ANSWER TO THIRD COUNT

51. These defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

52. These defendants deny the allegations contained in Paragraph 52 of the Third Count.

53. These defendants deny the allegations contained in Paragraph 53 of the Third Count.

54. These defendants deny the allegations contained in Paragraph 54 of the Third Count.

## ANSWER TO FOURTH COUNT

55. These defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

56. These defendants deny the allegations contained in Paragraph 56 of the Fourth Count.

57. These defendants deny the allegations contained in Paragraph 57 of the Fourth Count.

58. These defendants deny the allegations contained in Paragraph 58 of the Fourth Count.

59. These defendants deny the allegations contained in Paragraph 59 of the Fourth Count.

60. These defendants deny the allegations contained in Paragraph 60 of the Fourth Count.

## ANSWER TO FIFTH COUNT

61. These defendants repeat and reiterate their answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

62.     The allegations set forth in Paragraph 62 of the Fifth Count of the Complaint state a legal conclusion and defendant makes no answer thereto. If any of the allegations are construed against this defendant, they are denied.

63.     These defendants deny the allegations contained in Paragraph 63 of the Fifth Count.

64.     These defendants deny the allegations contained in Paragraph 64 of the Fifth Count.

### FIRST AFFIRMATIVE DEFENSE

The Complaint does not set forth any conduct by plaintiff or defendant which falls within, or is covered by the Conscientious Employee Protection Act N.J.S.A. 34:19-1, et seq.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Conscientious Employee Protection Act claim was not initiated within the time required under N.J.S.A. 34:19-5.

### THIRD AFFIRMATIVE DEFENSE

This defendant is entitled to fees, costs and all other relief available under N.J.S.A. 34:19-6.

### FOURTH AFFIRMATIVE DEFENSE

This defendant took no action affecting plaintiff in violation of any public policy of the State of New Jersey.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the Conscientious Employee Protection Act's waiver provision, N.J.S.A. 34:19-8.

### SIXTH AFFIRMATIVE DEFENSE

This defendant took no action in violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq.

### SEVENTH AFFIRMATIVE DEFENSE

This defendant took no retaliatory action within the meaning of N.J.S.A. 34:19-2(d).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not have a reasonable belief that any activity of this defendant violated a law, rule or regulation.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages or injunctive relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's constitutional claims are barred because the actions of this defendant do not constitute state action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred due to a failure to exhaust available administrative and/or contractual remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his/her damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of the plaintiff, and plaintiff is barred from recovery or plaintiff's recovery is reduced thereby.

### FIFTEENTH AFFIRMATIVE DEFENSE

This defendant took no action in violation of the Family Leave Act/Family and Medical Leave Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint constitutes a frivolous action in violation of N.J.S.A. 2A:15-59.1.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This defendant took no action in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Each and every employment decision made affecting plaintiff was taken for legitimate non-discriminatory reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff was not the subject of an adverse employment action.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim is barred because plaintiff did not engage in any protected activity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not a member of a protected class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted by Section 301 of the Labor Management Relations Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The conduct of this defendant was justified under the circumstances, and was privileged and based on reasonable and probable cause.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This defendant specifically denies being liable for punitive damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Unclean Hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred under the exclusive remedy and jurisdiction provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

### DESIGNATION OF TRIAL COUNSEL

Defendants, Monmouth Ocean Hospital Service Corporation, Stacy Quagliana and Vincent Robbins designates M. Elizabeth Duffy as trial counsel.

### CERTIFICATION

I certify that the foregoing Answer to Complaint was served within the time allowed under Rule 4:6-1.

Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court nor the subject of a pending arbitration proceeding.

                    DALY, LAMASTRA & CUNNINGHAM
                    Attorneys for Defendants
                    Monmouth Ocean Hospital Service Corp., d/b/a MONOC, Stacy Quagliana and Vincent Robbins



M. Elizabeth Duffy

DATED: August 5, 2011

## CERTIFICATION OF FILING

Jennie Lis, of full age certifies that:

(1)   I am a secretary in the office of Daly, Lamastra & Cunningham, attorneys for Defendants, Monmouth Ocean Hospital Service Corporation, Stacy Quagliana and Vincent Robbins in this action.

(2)   On August 5, 2011, I caused to be served, via Electronic Filing, the within Answer to the Complaint, an original of which was filed with the Clerk of District Court of New Jersey.

_____
Jennie Lis